I write only to address the issue of minority shareholder "squeeze-out." There is confusion as to whether this cause of action sounds in tort or in contract, which was caused in no small part by footnote 13 to my special opinion concurring in part and dissenting in part in Ex parte Brown, 562 So.2d 485,500 (Ala. 1990), and by my unpublished dissent in Michaud v.Morris, which was withdrawn when "the brethren" saw the light and reversed themselves and the trial court in a second opinion. Michaud v. Morris, 603 So.2d 886 (Ala. 1992).
In Ex parte Brown, this Court was presented with a motion filed under Rule 59, A.R.Civ.P., to alter, amend, or vacate the final order and to consider, among other things, the "tort of squeeze-out." I was so convinced in Ex parte Brown that there was no "squeeze-out," no matter what type of claim it was, that I was not concerned with classifying it. The majority granted relief to the plaintiffs in Ex parte Brown; therefore, I assumed that the majority of this Court had recognized what the Court was asked to recognize: the plaintiffs' "tort of squeeze-out." Because of this, in my unpublished dissent to the withdrawn and unpublished first opinion in Michaud v. Morris, I described the majority's action as "extending the tort of squeeze-out to impermissible limits."
I gather that there is confusion among the bench and bar as to what we have done with or what we have done to the cause of action for "squeeze-out," based upon the *Page 1255 
excellent articles that have appeared in The Alabama Lawyer.
See Andrew P. Campbell, Litigating Minority Shareholder Rightsand the New Tort of Oppression, 53 Ala. Law. 108 (1992), and Michael E. DeBow, "Oppression" of Minority Shareholders:Contract, Not Tort, 54 Ala. Law. 128 (1993).
If the majority of this Court does not think that it has adopted a tort of "squeeze-out" by its decision in Ex parteBrown so that we are bound by stare decisis, then "squeeze-out" of minority shareholders is a contractual action. Corporate law is a form of contract law; and "squeeze-out" should be a contractual action, because the minority shareholders' injuries flow from a breach of an implied contract — the behavior of the majority shareholders (officers, directors, etc.) violates the reasonable expectations of the minority shareholders that is "generated by the business relationship which the contract created." F. Hodge O'Neal, Introduction (Symposium: Rights ofMinority Shareholders), 22 Wake Forest L.Rev. 1, 6 (1987).