HOUSTON, Justice
(concurring specially).
In my opinion more evidence of squeeze-out of minority shareholders is required than was presented in Ex parte Brown, 562 So.2d 485, 500 (Ala.1990) (Houston, J., dissenting); and certainly more was required than was presented in Michaud v. Morris, 603 So.2d 886 (Ala.1992). On rehearing in Michaud, the majority of this Court reversed itself and held that the evidence was insufficient to support a claim of squeeze-out. Otherwise, Feley’s claim of squeeze-out and the defense of the “business judgment rule” would have been for the trier of fact. In this case, the majority holds that (1) failure to honor the terms of an employment agreement; (2) failure to pay dividends; (3) revocation of stock options to a minority shareholder; (4) refusal to repurchase a minority shareholder’s shares unless the shareholder executes documents relinquishing his rights to future fees and income from the company; and (5) failure to furnish any financial statements or business information to a minority shareholder do not constitute squeeze-out of a minority shareholder as a matter of law. I find this view more consistent with my view of what this breach of contract action should be. See my dissent in Ex parte Brown, supra, and my special concurrence in Fulton v. Callahan, 621 So.2d 1235, 1254-55 (Ala.1993).
The majority shareholders rule a corporation, as the majority rules in a democratic government. The shareholder majority must not deprive a minority shareholder of certain basic, clearly defined rights, just as the ma *30 jority in Alabama must not deprive an individual citizen of his basic rights clearly enumerated in the Bill of Rights of the United States Constitution and in Article I of the Constitution of Alabama of 1901. If Madiso-nian Democracy is to prevail, no more than this is required of a majority; no more than this should be expected by a minority.
I have carefully reviewed the well-reasoned arguments presented by Feley. I agree that the trial court properly entered the summary judgment on Feley’s claims alleging the breach of a stock option contract, material misrepresentation, and violation of Ala.Code 1975, § 8-6-19(a).
MADDOX, J., concurs.